UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AKNO 1010 MARKET STREET ST. LOUIS MISSOURI LLC**, Plaintiff, v. **NAHID POURTAGHI**, Defendant. | 2:18-cv-13498 **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Defendant Nahid Pourtaghi has moved to dismiss certain claims for fraud and embezzlement brought by Plaintiff Akno 1010 Market Street, St. Louis, Missouri, LLC's ("Akno"). Pourtaghi asserts, first, that Akno's fraud claim was not pled with the particularly required by Rule 9(b) of the Federal Rules of Civil Procedure and, second, that the company's embezzlement claim must be dismissed in accordance with Rule 12(b)(6) because, under Michigan law, claims for embezzlement are subsumed by those for statutory conversion. The Court agrees and will grant Defendant's motion to dismiss without prejudice.

## BACKGROUND

Plaintiff Akno 1010 Market Street, St. Louis, Missouri, LLC ("Akno") is a limited-liability company doing business in Wayne County, Michigan. ECF No. 1 PageID.2 (Compl.). Defendant Nahid Pourtaghi was

formerly designated as an agent of Akno. ECF No. 1 PageID.3. In her capacity as an agent, Defendant was granted signatory authority for Akno's bank account. ECF No. 1 PageID.3. According to Akno, Defendant understood that her access to that account was authorized for corporate purposes only. ECF No. 1 PageID.3. But Akno claims to have later discovered that Defendant had removed $240,000 from the company's account and transferred it to a bank in Canada without Akno's knowledge or permission. ECF No. 1 PageID.3. Akno alleges only that Defendant made an unauthorized transfer "to a bank account in Canada" and that she did so "to her own benefit." ECF No. 1 PageID.3–4. The Complaint does not say whether the Canadian account belonged to Defendant or to anyone operating on her behalf. Upon learning of the unauthorized transfer, in August 2017 Akno revoked Defendant's access to the bank account and notified her that she was no longer an agent of the company. ECF No. 1 PageID.3. Akno further suggests that Defendant may have transferred additional funds from its bank account without authorization but provides no details. ECF No. 1 PageID.3. After Defendant failed to return the funds, Akno filed the instant litigation on November 9, 2018 asserting claims for statutory conversion in violation of Mich. Comp. Laws § 600.2919(a), fraud, breach of fiduciary duty, embezzlement, and unjust enrichment. *See generally* ECF No. 1.

## DISCUSSION

Defendant contends that Akno's claim for fraud under Michigan law fails to meet the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure because it lacks sufficient detail. This position is well-taken because Akno's Complaint contains no facts as to *when* Defendant made the alleged misrepresentations or unauthorized transfers of company funds, and no details concerning the nature of the misrepresentations. Consequently, the Court will grant this portion of Defendant's motion and dismiss Akno's claim for fraud without prejudice.[1]

Under Michigan law, the elements of fraud are: (1) the defendant made a material misrepresentation; (2) that was false; (3) defendant made the misrepresentation knowing it was false, or made it recklessly, without any knowledge of its truth, and as a positive statement; (4) she made it with the intention that it should be acted upon by plaintiff; (5) plaintiff indeed relied upon it; and (6) plaintiff thereby suffered injury. *Harbor Thirteen Mile-20600 LLC v. Emp. Ret. Plan of Consol. Elec. Distrib., Inc.*, No. 15-14066, 2016 WL 1665158, *2 (E.D. Mich. Apr. 27, 2016) (citing *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813,

---

[1] The Court will not consider the Affidavit of Nahid Pourtaghi, attached as an exhibit to Akno's response to Defendant's motion to dismiss, because neither party referenced the affidavit in its pleadings. ECF No. 9-1. *Cf. Weiner v. Klais and Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (explaining that, in deciding a Rule 12(b)(6) motion, courts may consider documents attached to a complaint or to the defendant's motion "if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.").

816 (Mich. 1976)). Even where a plaintiff alleges fraud in violation of state law only, Rule 9(b)'s particularity requirement applies if the claims are asserted in federal court. *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, No. 13-13804, 2015 WL 3541905, at *3 (E.D. Mich. Apr. 30, 2015).

The Rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Courts have interpreted this language to mean that a claim for fraud typically meets Rule 9(b)'s requirements if it alleges: "(1) the time, place, and content of the alleged misrepresentation, (2) the fraudulent scheme, (3) the defendant's fraudulent intent, and (4) the resulting injury." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F. Supp. 3d 975, 1003 (E.D. Mich. 2017) (internal quotations omitted) (quoting *Wall v. Mich. Rental.* 952 F.3d 492, 496 (6th Cir. 2017)). At a minimum, to meet Rule 9(b)'s particularity pleading requirements the Sixth Circuit requires that a plaintiff "must allege the time, place and contents of the misrepresentations upon which they relied." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)). Another court in this district, for example, dismissed a claim for fraud where the plaintiff identified the time and place of the alleged misrepresentations, but not their "specific content." *S.E.C. v. Conaway*, No. 2:05-CV-40263, 2009 WL 1606655, *2 (E.D. Mich.

4

June 8, 2009).

Here, Akno alleges generally that, while in the Eastern District of Michigan, Defendant, an agent of Akno's with signatory authority on the company's bank account, "transferred $240,000 to a bank account in Canada that was not authorized by Plaintiff." ECF No. 1 PageID.2–3. Akno further asserts that "Defendant improperly transferred additional funds from [Akno's] Account" and that she knowingly "made [false] representations of fact to [Akno] that she would not use [Akno] Account funds for her personal use." ECF No. 1 PageID.3, 5. Nowhere in the Complaint does Akno allege *where* or *when* Defendant made these alleged misrepresentations, nor does Plaintiff specify when the funds were improperly transferred, or to whom. ECF No. 1 PageID.3. Further, the Complaint fails to specify whether these alleged unauthorized transactions took place over a period of time, or all on the same date. The only general time referenced in the Complaint is Akno's revocation of Defendant's status as the company's agent, which occurred in August 2017. ECF No. 1 PageID.3.

Likewise, the Complaint fails to provide any detail about the contents or context of Defendant's alleged misrepresentations. The Sixth Circuit has instructed that, to satisfy Rule 9(b), a plaintiff must "specify the statements that the plaintiff contends were fraudulent" and "state where and when the statements were made" as well as "explain why the statements were fraudulent." *Bowlers' Alley, Inc.*, 2015 WL 3541905 at

*3. The only facts about the alleged misrepresentation described in the Complaint are that Defendant said "she would not use 1010 Account funds for her personal use." ECF No. 1. PageID.5. No information is provided about the context of this statement, including when or where Defendant made it. Likewise, the Complaint contains no allegations about what specifically Defendant said, or to whom at Akno she addressed such fraudulent statements. Because the Complaint does not specify the time or place of the alleged misrepresentations or the unauthorized transfers and provides only spare allegations about content of Defendant's claimed misrepresentations, it falls short of Rule 9(b)'s particularity requirements.

Additionally, as pointed out by Akno, under Michigan law "an action for fraud must be predicated upon a false statement relating to a past or existing fact; promises regarding the future are contractual and do not support a claim for fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (citing *Hi-Way Motor Co.*, 247 N.W.2d at 815). Again, the only misrepresentation described in the Complaint is that Defendant said that "she would not use 1010 Account funds for her personal use." ECF No. 1. PageID.5. And, as explained by another court in this district, "fraud [under Michigan law] cannot be predicated upon statements promissory in their nature and relating to future actions, nor upon the mere failure to perform a promise." *Bye v. Nationwide Mut. Ins. Co.,* 733 F. Supp. 2d 805, 820 (E.D. Mich. 2010). Defendant's alleged

6

misrepresentation is indeed a statement about a promised future action or omission. Michigan courts, however, have carved out a bad-faith exception to this prohibition on promissory statements serving as the basis for fraud liability. Under the exception, a claim for "fraudulent misrepresentation may be based upon a promise made in bad faith without intention of performance." *Travis v. ADT Sec. Services, Inc.*, 884 F. Supp. 2d 629, 640 (E.D. Mich. 2012) (quoting *Hi-Way Motor Co.*, 247 N.W.2d at 816). Akno, in its Complaint, asserted that "Defendant knew that the representations made to Plaintiff were false when they were made." ECF No. 1 PageID.5. Because the absence of any timeline of Defendant's actions, as well as the dearth of information about the contents of her alleged misrepresentations, are themselves sufficient bases for the Court to find noncompliance with Rule 9(b), the Court at this time need not decide whether Akno's allegations, in their current form, pass muster under the bad-faith exception. Regardless, more detailed allegations would be helpful both to provide proper notice to the Defendant, and to flesh out the Court's understanding of Akno's fraud claim.

Defendant next moves to dismiss Akno's claim for embezzlement under Michigan law on the basis that it is duplicative of, and necessarily subsumed by, Akno's claim for statutory conversion under Mich. Comp. Laws § 600.2919a. Because Akno's potential remedy for embezzlement is rooted in the state's civil remedy for statutory conversion, the Court will

7

dismiss the embezzlement claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). In evaluating a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true and determine whether the plaintiff undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006)). Though this standard is liberal, it requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" in support of her grounds for entitlement to relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Under *Ashcroft v. Iqbal*, the plaintiff must also plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff falls short if she pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678–679).

In Michigan, "[e]mbezzlement is a statutory offense, not an offense

8

at common law." *Cabala v. Allen*, No. 305250, 2012 WL 4465164, *2 (Mich. Ct. App. Sep. 27, 2012) (citing *People v. Bergman*, 224 N.W. 375 (Mich. 1929)). The Michigan Court of Appeals, in *Cabala v. Allen*, explained that the plain language of Michigan's embezzlement statute, Mich. Comp. Laws § 750.174(1), "contains no indication that a civil remedy is available for violation of [the statute]." 2012 WL 4465164 at *2. Instead, the state legislature provided a method of recovery for civil embezzlement "cloaked in the conversion statute," Mich. Comp. Laws § 600.2919a. Because the remedy for a state-law embezzlement claim is the same as that for a conversion claim asserted under Mich. Comp. Laws § 600.2919a, "[u]nder Michigan law, the tort of conversion encompasses the tort of embezzlement." *In re B & P Baird Holdings, Inc.*, 591 F. App'x 434, 439 (6th Cir. 2015).

Akno's reliance on *Aroma Wines & Equip., Inc. v. Columbian Distrib. Serv., Inc.* is inapposite. 871 N.W.2d 136 (Mich. 2015). In that 2015 case, the Michigan Supreme Court indeed held that "[a]though its language is rooted in common-law conversion, the tort [of statutory conversion] established in MCL 600.2919a(1) is not the same as common-law conversion." *Id.* at 149. Though it could be that Akno's claim for embezzlement would not be subsumed by a claim for *common-law* conversion under Michigan law, as opposed to *statutory* conversion, the Complaint plainly asserts a claim for statutory conversion, not common-law conversion. ECF No. 1 PageID.4 (labelling Count I of the Complaint

"Statutory Conversion" and specifically referencing Mich. Comp. Laws § 600.2919a, the statutory conversion law). Because, under Michigan law, embezzlement claims are subsumed by those for statutory conversion, Akno's embezzlement claim will be dismissed.

## CONCLUSION

For these reasons, Defendant Nahid Pourtaghi's Motion to Dismiss Counts II and IV of Plaintiff's Complaint is **GRANTED**. Those claims will be dismissed without prejudice. If Plaintiff Akno 1010 Market Street St. Louis Missouri, LLC wishes to amend its Complaint, it must seek leave of the Court to do so within 30 days.

Dated: August 21, 2019	s/Terrence G. Berg
　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 21, 2019.

　　　　　　　　　　　　　s/A. Chubb
　　　　　　　　　　　　　Case Manager