UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AKNO 1010 MARKET STREET ST. LOUIS MISSOURI LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **NAHID POURTAGHI**, <br><br> Defendant. | 2:18-cv-13498-TGB-MKM <br><br> HON. TERRENCE G. BERG <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 28) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 30)** |

This is a business dispute between limited liability company Akno 1010 Market Street and its former employee Nahid Pourtaghi. Plaintiff Akno 1010 Market Street, LLC ("Akno 1010") alleges that Defendant Nahid Pourtaghi mishandled funds when acting as an agent for Plaintiff. Plaintiff brought the instant action alleging claims of statutory conversion, fraud, embezzlement, breach of fiduciary duty, and unjust enrichment. The parties have filed cross-motions for summary judgment, upon which the Court heard oral argument on July 23, 2021. Plaintiff seeks summary judgment on the statutory conversion and breach of fiduciary duty claims, while Defendant seeks summary judgment on the statutory conversion, breach of fiduciary duty, and unjust enrichment claims.

1

Upon review of the pleadings, documents, and information presented during the hearing, the Court will **GRANT** Defendant's Motion for Summary Judgment (ECF No. 28) and will **DENY** Plaintiff's Motion for Summary Judgment (ECF No. 30).

## I. BACKGROUND

The relevant factual background of this case is outlined in this Court's previous order and is incorporated by reference. *See* ECF No. 12, PageID.77. In sum, Plaintiff Akno 1010 Market Street, St. Louis, Missouri, LLC ("Akno 1010") is a limited-liability company doing business in Wayne County, Michigan. Akno 1010 is a subsidiary of Akno Group, which is owned and operated by Mr. Massimo Nouhi—an Iranian-born businessman who currently resides in Switzerland. Mr. Nouhi is also the uncle of Nahid Pourtaghi—the Defendant.

Though there is no job description or documents laying out Defendant Pourtaghi's official role and responsibilities for Mr. Nouhi or at Akno, both parties agree that she was an "agent" of Akno 1010. ECF No. 1 PageID.3; ECF No. 28 PageID.260; ECF No. 45 PageID.1462. As agent, Defendant Pourtaghi held signatory authority for Akno 1010's bank account. ECF No. 1 PageID.3. Documents provided by both parties also show that Defendant Pourtaghi and Mr. Nouhi were joint signatories with joint access to a Canadian bank account with the Royal Bank of Canada.

Plaintiff Akno 1010 alleges that Ms. Pourtaghi removed a total of $340,000 from the company's business account, transferred the money without knowledge or permission, and utilized these funds for her own personal use. ECF No. 1 PageID.3. The Complaint focuses on four key transactions: (1) a $60,000 transfer on October 19, 2016; (2) a $40,000 transfer on January 27, 2017; (3) a $200,000 transfer on February 21, 2017, and (4) a $40,000 transfer on October 31, 2017.

In October of 2017, upon learning of the allegedly unauthorized transfers, Plaintiff revoked Ms. Pourtaghi's access to Akno 1010's bank account and notified her that she was no longer an agent of the company. ECF No. 1 PageID.3. However, Ms. Pourtaghi was offered a new position in the company in November of 2017. *See* ECF No. 28, PageID.265; ECF No. 45, PageID.1467. While the timeline is unclear, sometime in 2018, Plaintiff began an investigation into the Ms. Pourtaghi's alleged improper transactions. Nevertheless, no forensic accounting report was presented by Plaintiff as part of this record.

In April of 2018, Plaintiff filed a civil claim against Defendant in Vancouver, British Columbia. Plaintiff then filed the instant litigation on November 9, 2018 asserting claims for (1) statutory conversion in violation of Mich. Comp. Laws § 600.2919(a), (2) fraud, (3) breach of fiduciary duty, (4) embezzlement, and (5) unjust enrichment.

II.     **PROCEDURAL POSTURE**

Plaintiff's Complaint asserted five distinct causes of action: (1) statutory conversion, (2) fraud, (3) breach of fiduciary duty, (4) embezzlement, and (5) unjust enrichment. On August 21, 2019 this Court granted Defendant's motion to dismiss the fraud and embezzlement claims. ECF No. 12. As a result of this Court's previous order, only three claims remain: (1) statutory conversion, (2) breach of fiduciary duty, and (3) unjust enrichment.

Now pending are the parties' cross-motions for summary judgment regarding the statutory conversion and breach of fiduciary duty claims. As to unjust enrichment, Ms. Pourtaghi seeks summary judgment in her favor on that claim, while Akno 1010 does not.

### III. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

There is a genuine dispute of material fact when the evidence presented would allow a reasonable jury to find for the nonmoving party. *Anderson*, 477 U.S. at 242. On a motion for summary judgment, the Court must view the evidence and any reasonable inferences drawn from the

evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. "[A] mere scintilla of evidence in support of the nonmovant's position is not sufficient to create a genuine issue of material fact." *Towner v. Grand Trunk W. R. Co.*, 57 Fed.Appx. 232 (2003) (citing Anderson, 477 U.S. at 251-52). Rather, the non-moving party must present sufficient evidence as to each element of the case such that a trier of fact could reasonably find for the plaintiff. *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000). Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The fact that the parties have filed cross motions for summary judgment does not automatically justify the conclusion that there are no facts in dispute. *Parks v. LaFace Recs.*, 329 F.3d 437, 444 (6th Cir.2003). Instead, the Court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir.2003).

5

## IV. ANALYSIS

The Court will address each claim in turn.

### a. Statutory Conversion

Both Plaintiff Akno 1010 and Defendant Pourtaghi seek summary judgment with regard to the statutory conversion claim. There are two forms of statutory conversion recognized by Michigan law:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

Mich. Comp. Laws § 600.2919a.

Akno 1010 is only seeking statutory conversion under 600.2919a(1)(a) for the conversion of money, while also seeking treble damages of $600,000 plus costs and attorney fees. ECF No. 1, PageID.5; ECF No. 30, PageID.469; ECF No. 30, PageID.471. "Statutory conversion is narrower than the common law tort in Michigan," and requires a plaintiff prove that the defendant converted property for his or her "own use." *In re B & P Baird Holdings, Inc.*, 759 F. App'x 468, 474 (6th Cir. 2019). Alleging conversion to the defendant's "own use," requires a showing "that the defendant employed the converted property for some

6

purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." *Id.* (quoting *Aroma Wines & Equip., Inc. v. Columbian Distribution Servs., Inc.*, 497 Mich. 337, 871 N.W.2d 136, at 148 (2015)).

Plaintiff's theory of conversion alleges that Defendant unlawfully removed funds from Akno 1010's bank account and "distributed the funds to her own benefit." ECF No. 1, PageID.5. Specifically, there are four transactions at issue, which occurred on the following dates: (1) October 19, 2016, (2) January 27, 2017, (3) February 21, 2017, and (4) October 31, 2017.

Ms. Pourtaghi seeks summary judgment on Plaintiff's statutory conversion claim for three main reasons. First, with regard to the first three transactions, Ms. Pourtaghi contends that the funds were returned to Akno 1010 and therefore could not have been converted to her personal use. Second, with regard to the final transaction, Ms. Pourtaghi argues that the transaction was explicitly authorized, was utilized for the intended purpose, and therefore Defendant could not have "wrongfully" exerted dominion over Plaintiff's property. Finally, for all of the transactions, Ms. Pourtaghi asserts that Plaintiff has not provided any facts demonstrating the "personal use" for which the funds were allegedly converted.

The Court agrees that Defendant is entitled to summary judgment as to Plaintiff's statutory conversion claim. First, there can be no claim

7

for statutory conversion with regard to the October 31, 2017 transaction because Defendant has provided an email which shows that the $40,000 cash withdrawal was expressly authorized by proxy of Mr. Nouhi's executive assistant. ECF No. 28-8 PageID.360. Plaintiff has not disputed that the transaction was expressly authorized, nor has Plaintiff provided facts which demonstrate how funds authorized to be withdrawn could be considered wrongfully converted to the use of the Defendant. Accordingly, Plaintiff has failed to provide any facts from which a jury could conclude that the required elements of statutory conversion were met regarding the October 31, 2017 transaction.

As to the remaining three transactions, the evidence does not raise any issue of fact as to how any of the funds at issue constitute "stolen, embezzled, or converted property," because Defendant was an authorized user on all the accounts at issue and was therefore legally permitted to make the transfers. *See Sudden Serv., Inc. v. Brockman Forklifts, Inc.*, 647 F. Supp. 2d 811, 815 (E.D. Mich. 2008) ("It is clear that when the dispute is over moneys owed, conversion is only applicable in cases involving money that is the property of one party but held by another party (e.g., bank accounts, trusts, etc.) which is then wrongfully taken."). Plaintiff provides no facts to demonstrate that the money was wrongfully taken, nor do they dispute that Defendant was in fact an authorized user or joint holder of both the Akno 1010 account and the Canadian joint account. Plaintiff also fails to provide any documents, conversations, or

8

any other evidence which outlines limitations on how Defendant could utilize these accounts. Accordingly, Plaintiff has failed to provide sufficient evidence to show that Defendant wrongfully exerted authority over Plaintiff's accounts.

There are several other reasons why summary judgment is appropriate in favor of Defendant. As to the October 19, 2016 and January 27, 2017 transactions specifically, there is no evidence that the money ever left the RBC joint account or the Akno 1010 account. *See* ECF No. 31-2, PageID.704; ECF No. 31-3, PageID.705; ECF No. 29-3, PageID.435; ECF No. 31-7; ECF No. 31-8, PageID.721. "[S]imply retaining money does not amount to 'buying, receiving or aiding in the concealment of stolen, embezzled or converted property.'" *Lawsuit Fin., L.L.C. v. Curry*, 261 Mich. App. 579, 593, 683 N.W.2d 233, 241 (2004) (quoting *Hovanesian v. Nam*, 213 Mich.App. 231, 237, 539 N.W.2d 557 (1995)). Because the funds remained in the accounts, Plaintiff has failed to provide factual support as to the required "buying, receiving, or aiding" element of statutory conversion and Defendant is therefore entitled to summary judgment.

With regard to all the transactions in question, Plaintiff has also failed to provide facts to establish the "own use" requirement of a statutory conversion claim. There is no forensic accounting report, bank statements, or receipts which show that Defendant utilized any money at issue for her own use. In fact, during oral argument, Plaintiff conceded

9

that the funds from October 19, 2016 and January 27, 2017 transaction were returned—which precludes a finding that Defendant utilized them for her own use.

The closest question involves the $200,000 from the February 21, 2017 transaction, but even here Plaintiff falls short. Of the $200,000 at issue, $150,000 was utilized for a Guaranteed Investment Certificate ("GIC"), an investment which may provide returns to the owners of the account. ECF No. 38-18, PageID.886. Rather than demonstrating that Defendant converted this money for her own *personal* use, the GIC would provide potential monetary benefits to the Canadian bank account, which was jointly held by Mr. Nouhi. This clearly does not constitute conversion. As to the other $50,000, Plaintiff alleges that the money was withdrawn from the joint Canadian account to pay for a medical surgery for Defendant's daughter. ECF No. 38-18, PageID886. But, Defendant provides a bank statement which shows these funds being returned to the account after the surgery was not required—again, precluding Plaintiff from showing that these funds were converted by Defendant. ECF No. 38-14, PageID.880. And, even if this could represent a conversion to Defendant's "own use," the funds were transferred from the bank account of Akno Enterprises Michigan LLC, which is not a party to this lawsuit, to the joint Canadian account. Therefore, any claim regarding conversion would belong to non-party Akno Enterprises—not Plaintiff Akno 1010.

10

For all these reasons Plaintiff has failed to make a showing sufficient to establish several of the required elements essential to a statutory conversion claim. Because the Court will grant summary judgment for Defendant as to the statutory conversion claim, Plaintiff's motion for summary judgment on this claim must necessarily be denied.

### b. Breach of Fiduciary Duty

Under Michigan law, the elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) proximately causing damages. *Delphi Auto. PLC v. Absmeier*, 167 F. Supp. 3d 868, 884 (E.D. Mich. 2016). "[A] fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another." *Petroleum Enhancer, LLC v. Woodward,* 690 F.3d 757, 765 (6th Cir. 2012) (quoting *Teadt v. Lutheran Church Mo. Synod,* 237 Mich.App. 567, 603 N.W.2d 816, 823 (1999)). Generally, "the employer-employee relationship does not give rise to a fiduciary relationship *unless* the employee is a high-level employee, or if there is a specific agency relationship." *Delphi Auto. PLC*, 167 F. Supp. 3d at 884 (quoting *Stryker Corp. v. Ridgeway*, No. 1:13–CV–1066, 2015 WL 8759220, at *3 (W.D. Mich. Dec. 14, 2015))."High-level employees" include corporate officers and members of corporate boards of directors and not all employees owe their employer a fiduciary duty. *Delphi Auto. PLC,* 167 F. Supp. 3d at 884 citing *Dana Ltd. v. Am. Axle & Mfg.*

11

*Holdgins, Inc.*, No. 1:10–CV–450, 2012 WL 2524008, at *11 (W.D. Mich. June 29, 2012).

When a fiduciary relationship does exist, the fiduciary "has a duty to act for the benefit of the principal regarding matters within the scope of the relationship." *Petroleum*, 690 F.3d at 766 (quoting *Prentis Family Found. v. Barbara Ann Karmanos Cancer Inst.*, 266 Mich.App. 39, 698 N.W.2d 900, 906 (2005) (per curiam)). Whether a fiduciary duty exists is a question of law for the court to decide. *Id.*

Ms. Pourtaghi contends that Akno 1010 cannot demonstrate a breach of fiduciary duty claim against her because she held no serious influence over Akno 1010, and that this alone is dispositive of the fiduciary duty claim. ECF No. 28 PageID.276. Plaintiff Akno 1010, on the other hand, argues that there is no genuine issue of material fact that Ms. Pourtaghi breached her alleged fiduciary duties to Akno 1010 because Ms. Pourtaghi was its manager, and therefore had a duty to discharge her managerial duties in accordance with Mich. Comp. Laws § 450.4404(1) ("[a] manager shall discharge the duties of manager in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner the manager reasonably believes to be in the best interests of the limited liability company."). Akno 1010 asserts that Ms. Pourtaghi breached her fiduciary duties to it by: (1) removing its funds and converting those funds for her own use; (2) failing to notify its accountants and property

12

managers regarding her transfers; and (3) concealing these transfers from its accountants and property manager. ECF No. 30 PageID.471-72.

The Court first turns to the Defendant's motion for summary judgment. Because a review of the record discloses no evidence to establish that Ms. Pourtaghi owed a fiduciary duty to Akno 1010, Ms. Pourtaghi's motion must be granted. As outlined above, generally an employer-employee relationship only gives rise to a fiduciary relationship when the employee is a "high-level employee" or there is a "specific agency relationship." *Delphi Auto. PLC*, 167 F. Supp. 3d at 884. Here, Plaintiff offers no facts to support that Ms. Pourtaghi was a "high-level employee," such as a corporate officer. In fact, Plaintiff has provided no documents at all outlining Ms. Pourtaghi's official title, job description, or essential duties. When asked during his deposition testimony about Ms. Pourtaghi's employment with Akno 1010, Mr. Nouhi stated:

> Nahid never worked for AKNO. I'm going to explain it. So we either have the building and we rent it out or we give it to the Colliers, a big American company, to manage it, and they do from A to Z. The only thing Nahid had to do, I was not in the U.S. to be able to sign to deal with taxes, I gave Nahid my signature to be able to pay taxes, insurance, but the management of rents was in Colliers' hands. So Nahid was working for only Akno Canada, one company, and sometimes she would issue payments to American companies.

ECF No. 39-27, PageID.1038. Further, the organizational chart provided by Plaintiff only lists one individual: Mr. Nouhi, himself. ECF No. 29-1, PageID.424. Plaintiff has provided no facts to support the first essential

13

element of this claim: that Defendant owed a fiduciary duty to her employer.

But, even if Akno 1010 can establish that Ms. Pourtaghi owed it fiduciary duties because she was its "manager," Akno 1010 has not provided any evidence to demonstrate *how* Ms. Pourtaghi breached such duties. It has already been established that Akno 1010's inability to provide any evidence that Ms. Pourtaghi diverted funds to her "own use" precludes Plaintiff from proceeding on its statutory conversion claim. Second, there is no legal or factual basis to support Akno 1010's assertion that Ms. Pourtaghi breached her duties to it by failing to notify its accountants and property managers regarding her transfers—Akno 1010 has not citied to a single decision or statute purporting to create a general duty for managers of an LLC to report individual authorizations to third parties. And, there is in fact evidence to the contrary—evidence that Ms. Pourtaghi did indeed notify accountants about some of the transfers. *See* ECF No. 28-8; ECF No. 29-5.

Accordingly, because a reasonable jury would be unable to find for Plaintiff, the Court will grant Defendant's motion for summary judgment as to Plaintiff's breach of fiduciary duty claim. Again, because Defendant is successful here, Plaintiff's motion for summary judgment fails.

    c.    **Unjust Enrichment**

Under Michigan law, a party alleging unjust enrichment must demonstrate that the defendant (1) received a benefit from the plaintiff,

14

and (2) an inequality resulted to the plaintiff as a result of defendant's retention of that benefit. *Nedschroef Detroit Corp. v. Bemas Enterprises LLC*, 106 F. Supp. 3d 874, 889 (E.D. Mich. 2015) (referencing *Erickson's Flooring and Supply Co. v. Tembec, USA, LLC*, 212 F. App'x 558, 564 (6th Cir. 2007). The Sixth Circuit has also determined that a claim for unjust enrichment will not succeed where the purported benefit was not excessive, used for anything beyond a stated purpose, or obtained unfairly. *Halpern 2012, LLC v. City of Ctr. Line, Michigan*, 806 F. App'x 390, 398 (6th Cir. 2020). Additionally, there can be no claim for unjust enrichment "when there exists a valid contract covering the same subject matter." *Inland Waters Pollution Control, Inc. v. Jigawon, Inc.*, No. 05-74785, 2008 WL 205209, at *11 (E.D. Mich. Jan. 22, 2008)

According to the Complaint, Ms. Pourtaghi was unjustly enriched by the funds she allegedly misappropriated from Akno 1010's bank account. ECF No. 1, PageID.8. Defendant's alleged receipt of these funds resulted in an inequity that the Court must remedy. Defendant argues that she is entitled to summary judgment on the unjust enrichment claim because the funds at issue have remained under Plaintiff's control. ECF No. 28, PageID.277. Therefore, Defendant received no benefit from these transfers—"much less an inequitable benefit." *Id.*

Defendant is entitled to summary judgment on the claim for unjust enrichment because there are no facts—or even an indication—that the funds at issue were obtained or utilized inappropriately. The only alleged

15

"benefit" Plaintiff outlines is the money from the four transactions at issue. But, Plaintiff fails to explain how these transactions either provided or conferred an "inequitable" benefit to Defendant. As to the October 31, 2017 transaction, Plaintiff does not explain—nor can the Court determine—how an inappropriate inequity could result from an expressly authorized transfer of funds. This is particularly true when there are no allegations or facts to assert that Defendant took more than what was authorized by Plaintiff's representative. Plaintiff fails to similarly explain or provide factual support that the other transactions resulted in any inequity: these funds either remained or were returned to bank accounts over which Plaintiff or Mr. Nouhi maintained control. If all the money remains accounted for in Akno 1010 and Mr. Nouhi's control, it is unclear how that results in any inequity. Plaintiff alleges that these accounts were in fact "drained" by Defendant, but has provided no factual support which would allow a jury to make this determination.

Accordingly, because Plaintiff has failed to allege any facts which would allow a jury to determine there was a benefit or an inequity as a result of Ms. Pourtaghi's retention of funds, Defendant is entitled to summary judgment as to the unjust enrichment claim.

## CONCLUSION

For these reasons, Defendant Nahid Pourtaghi's Motion for Summary Judgment (ECF No. 28) is **GRANTED**.

It is **FURTHER ORDERED AND ADJUDGED** that Plaintiff Akno 1010's Motion for Summary Judgment (ECF No. 30) is **DENIED**. Accordingly, this case is dismissed with **PREJUDICE**.

**SO ORDERED**.

Dated: August 26, 2021    s/Terrence G. Berg
                                      TERRENCE G. BERG
                                      UNITED STATES DISTRICT JUDGE