UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **AKNO 1010 MARKET STREET ST. LOUIS MISSOURI LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**NAHID POURTAGHI,**<br><br>Defendant. | 2:18-CV-13498-TGB-MKM<br><br>HON. TERRENCE G. BERG<br><br><br>**ORDER DISMISSING CASE** |

On August 26, 2021, this Court entered an order resolving cross motions for summary judgment in this business dispute. ECF No. 51. Plaintiff appealed that order. ECF No. 53.

The parties and the Court had proceeded under the understanding that the plaintiff and defendant were completely diverse, and thus that subject-matter jurisdiction was proper under 28 U.S.C. § 1332(a)(2). But while considering Plaintiff's appeal, the Sixth Circuit raised the question of whether the parties were indeed completely diverse.

The Sixth Circuit remanded the matter for consideration of subject matter jurisdiction. On remand, this Court directed the parties to submit supplemental briefing on that question. The parties have submitted briefs explaining their respective positions, and both agree that, in

1

retrospect, diversity jurisdiction was not met at the time the case was filed. ECF Nos. 58, 59.

Three principles of diversity jurisdiction govern the result here. First, diversity jurisdiction under 28 U.S.C. § 1332(a)(2) may not be exercised when there are only foreign citizens on both sides of the dispute. *See U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 424 (6th Cir. 2008).[1]

Second, unlike a corporation—which is a citizen of the states in which it has been incorporated and maintains its principal place of business—an LLC has the citizenship of each of its members and sub-members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

Finally, whether complete diversity exists depends on the citizenship of the parties at the time the suit is filed. *Farmer v. Fisher*, 386 F. App'x 554, 557 (6th Cir. 2010). Thus, a suit involving parties that were not diverse when the complaint was filed must be dismissed, even if events during the suit's pendency render the parties completely diverse. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

---

[1] 28 U.S.C. § 1332(a)(3) allows federal courts to hear disputes between "citizens of different States and in which citizens or subjects of a foreign state are additional parties.' Section 1332(a)(3) does not apply here because U.S. citizens are not on both sides of the controversy. *See U.S. Motors*, 551 F.3d at 422-24.

Applying those principles to this case, the court has no choice but to conclude that the Plaintiff and Defendant were not completely diverse when this suit was filed. The suit was filed on November 9, 2018. Defendant Pourtaghi was then a resident of British Columbia, Canada. Compl., ECF No. 1, PageID.2. Plaintiff Anko 1010 was "wholly owned by Akno Enterprises Michigan Limited, LLC, a Michigan limited liability company." Pl's Supp. Br., ECF No. 59, PageID.1906. But Akno Enterprises Michigan Limited, LLC was, in turn, "wholly owned by a Swiss holding company . . . that was, in turn, wholly-owned by Massimo Nouhi, who is an Italian citizen residing in Switzerland." *Id*.

Accordingly, because both Plaintiff and Defendant were foreign citizens when this suit was instituted, this Court lacks subject-matter jurisdiction and cannot hear the case in its current form.

Therefore, **IT IS ORDERED** that this case is **DISMISSED** for lack of subject-matter jurisdiction.

**SO ORDERED** this 3rd day of January, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge